## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| FTI CONSULTING, INC.<br>16701 Melford Boulevard, Suite 200<br>Bowie, MD 20715<br><br>    and<br><br>FTI, LLC<br>555 12th Street, NW, Suite 700<br>Washington, DC 20004<br><br>       Plaintiffs,<br><br>   v.<br><br>ERIC POER<br>10 Night Song Way<br>Las Vegas, NV 89135<br><br>       Defendant. | Case No. |

## COMPLAINT FOR MONETARY DAMAGES AND DECLARATORY RELIEF

Plaintiffs, FTI Consulting, Inc. and its subsidiary FTI, LLC (together, "FTI"), by and through their undersigned counsel, bring this Complaint against Defendant Eric Poer and allege as follows:

### NATURE OF THE ACTION

1.     FTI is a leading global consulting firm with offices and employees around the world, including in Washington, D.C. and over 20 states. In this action, FTI seeks damages from Mr. Poer, a former senior managing director of FTI, for his breach of a contractual obligation to pay certain amounts to FTI in the event that he competed against FTI within a year following termination of his employment.

2.      FTI further seeks a judicial declaration under the Declaratory Judgment Act, 28 U.S.C. § 2201, that Mr. Poer's restrictive covenants concerning non-competition and non-solicitation, as set forth below, are valid and enforceable under the governing Maryland law.

## THE PARTIES

3.      Plaintiff FTI Consulting, Inc. is a corporation organized under the laws of the State of Maryland with its principal place of business in Bowie, Maryland. It is a citizen of Maryland. FTI Consulting, Inc. maintains its worldwide executive headquarters in Washington, D.C.

4.      Plaintiff FTI, LLC is a limited liability company organized under the laws of the State of Maryland. FTI, LLC is a wholly owned subsidiary of FTI Consulting, Inc. and is therefore also a citizen of Maryland. FTI, LLC maintains its headquarters in Washington, D.C.

5.      Defendant Eric Poer is an individual who resides in Las Vegas, Nevada. Mr. Poer is a Nevada citizen. Mr. Poer was previously employed by FTI, LLC, serving as a senior managing director until his resignation, of which he gave FTI notice on April 8, 2024, and which became effective as of close of business on May 23, 2024.

6.      Shortly after that date, Mr. Poer began working for Secretariat Advisors, LLC ("Secretariat"), a limited liability company organized under the laws of the State of Delaware with its principal place of business located in Atlanta, Georgia. Like FTI, Secretariat is an international consulting firm with offices and employees in locations around the world, including various offices in the United States. Secretariat is not a party to this action.

7.      FTI and Secretariat are consulting firms that compete in a variety of sectors, including construction, forensic accounting, and investigations. In March 2024, FTI filed a separate lawsuit against Secretariat in the U.S. District Court for the Northern District of Georgia, alleging among other things that Secretariat induced various FTI professional staff to breach their

employment-related duties to FTI. *See FTI Consulting, Inc. v. Secretariat Advisors, LLC*, No. 1:24-cv-1356-TWT (N.D. Ga., filed Mar. 28, 2024).

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest.

9.      This Court has personal jurisdiction over Mr. Poer pursuant to D.C. Code § 13-423(a)(1) based upon his transacting business in the District of Columbia, including through his employment agreement with FTI (the "Employment Agreement"), his travel to the District of Columbia to meet with FTI clients and colleagues, and his regular and longstanding interactions with FTI personnel in the District of Columbia in connection with his employment with FTI, in which FTI personnel in the District of Columbia exercised control over Mr. Poer's work. For example, under the Employment Agreement, Mr. Poer was subject to FTI's procedures for checking for conflicts of interest before opening any new matters, which is a function overseen and subject to decision-making authority by senior FTI employees based in its D.C. headquarters. Mr. Poer was subject to employment policies developed and disseminated by FTI personnel based in its D.C. headquarters.

10.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events and omissions giving rise to FTI's claims occurred in this district.

## ALLEGATIONS OF FACT COMMON TO ALL COUNTS

11.      Mr. Poer began working for FTI in 2013. His work for FTI included professional services related to internal investigations, dispute consulting and forensic accounting. Prior to his

resignation, he served as co-leader of FTI's Securities, Accounting and Regulatory Enforcement Practice and Disputes Practice.

12.     On March 13, 2020, Mr. Poer entered into the Employment Agreement at issue in this action, which set forth the terms and conditions of his ongoing employment by FTI as a senior managing director.

13.     Mr. Poer was highly compensated under the Employment Agreement, including in the form of a substantial seven-figure annual base salary, the opportunity to earn substantial performance bonuses and equity awards, and forgivable incentive awards and loans totaling seven figures.

14.     In the Employment Agreement, Mr. Poer agreed to abide by a set of restrictive covenants and specifically acknowledged them as reasonable in view of the consideration he was receiving.

15.     Among those covenants, in § 12 of the Employment Agreement, Mr. Poer agreed not to compete against FTI for one year after the termination of his employment for any reason, plus the duration of any violations of his restrictive covenants.

16.     The noncompete clause that Mr. Poer accepted as reasonable covered places where he performed services for FTI as well as places where FTI clients for which he performed services were located.

17.     Mr. Poer specifically acknowledged that due to the nature of FTI's business, the geographic scope of his restrictive covenants was reasonable and necessary to protect the legitimate interests of FTI.

18.     In § 13 of the Employment Agreement, Mr. Poer further agreed that during the same restricted period, he would not solicit certain business, clients, or employees of FTI.

4

19.     In § 14 of his Employment Agreement, Mr. Poer further agreed not to use FTI's confidential information in a manner reasonably likely to be detrimental to FTI's business.

20.     In § 19 of the Employment Agreement, Mr. Poer agreed to specific remedies in the event he violated any of his restrictive covenants. Mr. Poer expressly agreed that the harms to FTI resulting from any breaches of the noncompete clause and non-solicitation clause could be difficult to quantify, such that in the event of his violation of § 12 or § 13 of the Employment Agreement, he would pay FTI certain sums as liquidated damages depending on the specific nature of his violations.

21.     For breaches of the noncompete clause, Mr. Poer agreed to pay FTI a sum equaling his total compensation received from FTI during the prior 12 months—including salary, bonus, and incentive compensation, but excluding Benefit Plans.

22.     Mr. Poer further agreed to pay FTI separate amounts in the event of any breaches of the non-solicitation clause.

23.     In § 19 of the Employment Agreement, Mr. Poer acknowledged that each sum specified therein was a "reasonable forecast of the just and fair compensation for the harm to the Company that would result by Employee's breach, and is not a penalty."

24.     Mr. Poer further agreed that the payments specified in § 19 of the Employment Agreement do not preclude FTI from seeking additional remedies, including a preliminary or permanent injunction restraining him from violating the restrictive covenants.

25.     Mr. Poer agreed that his Employment Agreement would be governed by the law of Maryland, where both Plaintiffs are incorporated.

26.     The Parties agreed in the Employment Agreement that any claims by FTI regarding breaches of Mr. Poer's confidentiality, non-disclosure, non-compete, or non-solicitation

obligations, or regarding any misappropriation of FTI's trade secrets or infringement of FTI's intellectual property rights, may be brought in any court of competent jurisdiction and are not subject to arbitration.

27.     Schedule I of the Employment Agreement set forth the terms of Mr. Poer's compensation, including his annual base salary, certain terms governing his ongoing participation in incentive programs, and certain additional compensation and employment terms.

28.     Schedule I of the Employment Agreement listed Mr. Poer's residential address and his office address as two locations in Las Vegas, Nevada.

29.     Mr. Poer's residential address on file with FTI remained in Las Vegas from at least March 13, 2020, through at least June 2024.

30.     In an email dated April 8, 2024, Mr. Poer notified FTI of his resignation from FTI, to become effective 45 days later.

31.     In a letter dated April 12, 2024, FTI acknowledged receipt of Mr. Poer's resignation notice and summarized his obligations under the Employment Agreement, including his continuing obligations to comply with the restrictive covenants in §§ 11, 12, and 13 of his Employment Agreement.

32.     Following his resignation notice, Mr. Poer and FTI negotiated potential terms of an ongoing subcontracting arrangement between his company Poer Ventures, LLC and FTI, for the purpose of allowing him to continue serving FTI clients while complying with his post-termination obligations under the Employment Agreement.

33.     On or around May 28, 2024, Mr. Poer informed FTI that he would not enter into the contemplated subcontracting arrangement and instead had determined to take a position at Secretariat Advisors LLP. Mr. Poer is now being held out as a Managing Director at Secretariat.

34.     In a letter dated June 19, 2024, FTI informed Mr. Poer that his decision to take up a competing position at Secretariat was in direct breach of his Employment Agreement. In that letter, FTI set forth an itemized calculation of the resulting amounts Mr. Poer owed to FTI pursuant to § 19(i) of the Employment Agreement.

35.     FTI computed the amount of Mr. Poer's required payment to FTI as $3,056,533.60, based on the terms set forth in § 19(i) of the Employment Agreement.

36.     In the June 19 letter, FTI further reminded Mr. Poer of his duties under the Employment Agreement not to solicit FTI employees, not to misappropriate FTI confidential information, and not to solicit FTI clients, each of which could subject him to additional damages. FTI requested that Mr. Poer cease and desist from any further breaches of his obligations under the Employment Agreement.

37.     In a separate legal action filed in the Northern District of Georgia against Secretariat, FTI has alleged: that Secretariat is undertaking a coordinated campaign to raid FTI's professional staff, to tortiously induce breaches of their restrictive covenants and violations of their obligations not to disclose FTI's trade secrets and other confidential information; and that through these wrongful acts Secretariat has succeeded in misappropriating and using to FTI's detriment and Secretariat's unfair competitive advantage FTI's confidential information derived from newly recruited professional staff who had previously worked at FTI. One such recruit is Mr. Poer.

38.     On or around June 28, 2024, Mr. Poer filed a complaint against FTI Consulting, Inc. and FTI, LLC in the Superior Court of the State of California, County of San Francisco, seeking declaratory judgments that Mr. Poer's restrictive covenants under the Employment Agreement are unenforceable under California law, and related forms of relief.

## COUNT I: BREACHES OF THE EMPLOYMENT AGREEMENT

### (Failure to Make Required Payment)

39.     Plaintiffs restate and incorporate paragraphs 1 through 38.

40.     Through his employment as a Managing Director at Secretariat, including in matters that include forensic accounting, internal investigations, financial reporting, governmental and regulatory inquiries, and similar subject areas, and in the same geographic areas covered by his work for FTI, Mr. Poer is in breach of the noncompete covenant set forth in § 12 of his Employment Agreement with FTI.

41.     In the event of any such violation, Mr. Poer agreed to pay FTI a certain amount based on § 19(i) of the Employment Agreement, consisting of his prior 12 months of total earned compensation from FTI (including salary, bonus, and incentive compensation but excluding Benefit Plans).

42.     Mr. Poer acknowledged that this sum was a reasonable forecast of the just and fair compensation for the harm to FTI that would result from his breach of his non-compete obligation, rather than a penalty.

43.     The liquidated damages agreed to by Mr. Poer will in fact fairly compensate FTI for the lucrative business opportunities that Mr. Poer likely will develop for Secretariat in direct competition with FTI during the agreed noncompete period.

44.     The liquidated damages payment computed under § 19(i) of the Employment Agreement is a conservative estimate of the earnings that FTI reasonably expected it could lose and a competitor could gain from Mr. Poer's primary business originations and personal billings during the one-year restricted period.

45.     Upon information and belief, Mr. Poer's compensation terms and other financial inducements he has received for agreeing to work for Secretariat in violation of his Employment Agreement with FTI, including any signing bonus or agreement by Secretariat to advance his counsel fees and indemnify him against any liabilities to FTI that Mr. Poer incurs, will likely offset or exceed the amount of the payment required under § 19(i) of the Employment Agreement.

46.     In its letter dated June 19, 2024, FTI demanded that Mr. Poer pay FTI $3,056,533.60 by no later than June 28, 2024.

47.     To date, Mr. Poer has neither paid that amount nor responded to FTI's demand for payment.

48.     Mr. Poer's continuing non-payment of the amount owed constitutes a breach of his payment obligations under § 19(i) of the Employment Agreement, causing FTI damages.

WHEREFORE, FTI seeks a judgment against Mr. Poer including an award of damages in the amount of $3,056,533.60, plus prejudgment and post-judgment interest at the applicable statutory rates, and any and all additional relief that the Court deems just and proper.

## COUNT II: DECLARATORY JUDGMENT THAT THE NON-COMPETE PROVISIONS ARE VALID AND ENFORCEABLE

49.     Plaintiffs restate and incorporate paragraphs 1 through 38.

50.     The Declaratory Judgment Act confers discretion on this Court, in a case of actual controversy within its jurisdiction, to declare the rights and other legal relations of any interested party seeking a declaration, whether or not further relief is or could be sought. 28 U.S.C. § 2201(a).

51.     The Parties are engaged in an actual, substantial controversy that warrants the issuance of a declaratory judgment concerning the validity of the non-compete clause contained in § 12 of Mr. Poer's Employment Agreement.

52.     Specifically, Mr. Poer has failed in various written and oral communications with FTI to acknowledge that he is bound by his covenant not to compete through one year following the date of his termination from FTI, and he recently accepted employment as a managing director of Secretariat, a major strategic competitor of FTI, as part of an ongoing campaign by Secretariat to recruit FTI's professional staff and lure away FTI's existing clients.

53.     A judicial declaration that Mr. Poer's restrictive covenant under § 12 of the Employment Agreement is valid and enforceable will afford substantial and immediate relief to FTI by confirming the reasonableness of the scope of this covenant, which is similar in nature to restrictive covenants contained in other employment contracts between FTI and its senior management personnel.

54.     A judicial declaration will constitute a prudent exercise of the Court's discretion that will prove instructive for interested non-parties, including those present and former employees of FTI who may be similarly situated to Mr. Poer, and may take notice of these proceedings.

WHEREFORE, FTI seeks a judicial declaration that the noncompete clause contained in § 12 of Mr. Poer's Employment Agreement with FTI is valid and enforceable, and such other relief as this Court deems just and proper.

## COUNT III: DECLARATORY JUDGMENT THAT THE NON-SOLICIT PROVISIONS ARE VALID AND ENFORCEABLE

55.     Plaintiffs restate and incorporate paragraphs 1 through 38.

56.     The Parties are engaged in an actual, substantial controversy that warrants the issuance of a declaratory judgment concerning the validity of the non-solicitation provisions contained in § 13 of Mr. Poer's Employment Agreement.

57.     In its June 19, 2024 letter, FTI specifically advised Mr. Poer to comply with his duties of non-solicitation with respect to FTI client matters, clients, and employees, as well as his other obligations pursuant to the restrictive covenants in his Employment Agreement.

58.     To date, Mr. Poer has not responded to FTI's letter and has not confirmed in writing that he will not participate in efforts taken on behalf of Secretariat to recruit FTI personnel.

59.     Mr. Poer's ongoing failure to provide FTI with assurances that he will abide by his non-solicitation obligations has generated uncertainty about whether he is currently breaching his non-solicitation obligations to FTI, has disavowed those obligations, or intends to violate those obligations by soliciting FTI's employees or clients on behalf of Secretariat.

60.     A judicial declaration that Mr. Poer's non-solicitation obligations in § 13 of the Employment Agreement are valid and enforceable will afford substantial and immediate relief to FTI by confirming the reasonableness of their duration and scope, and will allow the Parties to conform their future conduct to the declaration, consistent with their contractual rights and obligations during the period of the non-solicitation covenant.

61.     A judicial declaration will constitute a prudent exercise of the Court's discretion. The non-solicitation covenant in Mr. Poer's Employment Agreement is similar in nature to restrictive covenants contained in other employment contracts between FTI and its senior management personnel. As a result, an order entering the declaratory relief sought by FTI in this matter may prove instructive for interested non-parties, including those present and former employees of FTI who may be similarly situated to Mr. Poer and take notice of these proceedings.

WHEREFORE, FTI seeks a judicial declaration that the non-solicitation covenants contained in § 13 of Mr. Poer's Employment Agreement with FTI are valid and enforceable, and such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs FTI Consulting, Inc.

and FTI, LLC demand a trial by jury for all issues triable of right by a jury.

Date: July 12, 2024                           ZUCKERMAN SPAEDER LLP

                                              ___*/s/ William J. Murphy*___
                                              William J. Murphy (DDC Bar No. 350371)
                                              Daniel P. Moylan (*pro hac vice* forthcoming)
                                              100 East Pratt Street, Suite 2440
                                              Baltimore, MD 21202-1031
                                              (410) 949-1146 (office)
                                              (410) 659-0436 (fax)
                                              wmurphy@zuckerman.com
                                              dmoylan@zuckerman.com

                                              Ezra B. Marcus (DDC Bar No. D00488)
                                              1800 M Street NW, Suite 1000
                                              Washington, DC 20036
                                              (202) 778-1800 (office)
                                              (202) 822-8106 (fax)
                                              emarcus@zuckerman.com

                                              *Counsel for Plaintiffs FTI Consulting, Inc. and
                                              FTI, LLC*